DEXTER E. PHIBBS, SR.

*v.*

TOWN-O-TEL COURTS, INC., *a corporation*

(No. 13212)

Submitted on Rehearing September 25, 1973.

Decided December 11, 1973.

*Preiser & Wilson, W. Dale Greene and Paul Zakaib, Jr.,* for appellant.

*Leo Catsonis, Johnston & Holroyd, Robert E. Holroyd* for appellee.

BERRY, CHIEF JUSTICE:

This is an appeal by Dexter E. Phibbs, Sr., the plaintiff below and hereinafter referred to as plaintiff, from a final judgment of the Circuit Court of Mercer County, West Virginia entered on July 30, 1971 which set aside the jury verdict in favor of the plaintiff in the amount of $7500 and judgment thereon and entered judgment in favor of Town-O-Tel Courts, Incorporated, hereinafter referred

to as defendant. The only assignment of error relied on by the plaintiff when the application for the appeal in this case was presented to this Court was that the trial court had no jurisdiction to set aside the jury verdict and judgment thereon because the plaintiff had not been served with a motion to set aside the verdict within ten days after entry of the judgment, as required by Rule 59 (b), R.C.P.

This Court granted the appeal on July 19, 1972 on the sole question presented to it as referred to above. On January 6, 1973 the defendant filed with this Court a motion to dismiss the appeal as improvidently awarded, a copy of which was served upon counsel for the plaintiff.

It appears from the record that the plaintiff slipped and fell on some ice and snow outside the defendant's registration office on December 24, 1966. The defendant was operating a motel in Princeton, West Virginia, and the plaintiff's wife was in the process of registering for a room when the plaintiff went outside through a different door from that through which he had entered to pick up a newspaper when he slipped and fell.

It is indicated from the opinion of the trial court, which is made a part of the record, that two trials were held in connection with this action. The first trial resulted in a hung jury, after which the court informed the parties that from the evidence he was of the opinion the plaintiff was guilty of contributory negligence and assumption of risk and suggested that the case be removed from the docket. However, the plaintiff's counsel did not move for a dismissal, and after the second trial the trial court concluded the plaintiff had materially changed his testimony from the first trial and this resulted in a verdict in the amount of $7500 in favor of the plaintiff. The attorneys for the plaintiff stated in their original brief filed in this appeal that they first became aware of the entry of the judgment order of July 30, 1971, which set aside the verdict and judgment thereon and entered judgment for the defendant, on October 7, 1971 when one

of the plaintiff's counsel talked with the Mercer County Circuit Clerk by telephone and ordered copies of all the records and papers entered in the court file after July 25, 1971. However, on July 9, 1971 the trial court sent an opinion of the trial court to the attorneys for the parties indicating in the cover letter that the verdict in favor of the plaintiff would be set aside and directed that an order be prepared making the opinion a part of the record. On July 23, 1971 the trial court advised counsel for the plaintiff that he had entered the order granting judgment on the verdict in favor of the plaintiff, although it was stated that the attorney for the defendant had ten days within which to move the court to have the jury verdict and judgment set aside and to have judgment entered in accordance with defendant's motion for a directed verdict, which was made at the conclusion of all the evidence. The court then stated that the motion was sustained and requested counsel to prepare an order in accordance with the court's written opinion.

The defendant's motion to dismiss the appeal as improvidently awarded stated that the first notice the defendant had that the plaintiff had appealed the judgment of July 30, 1971 was an invoice from the clerk of this Court dated June 19, 1972 for the docket fee, and as a result the defendant had no opportunity to file a note of argument in opposition to the appeal as provided in Rule II of the Rules of this Court. It also appeared from the motion to dismiss that one of the attorneys for the plaintiff had been advised that the attorney for the defendant had moved for a directed verdict at the conclusion of the plaintiff's evidence, and at the conclusion of all the evidence, and that the court sustained the defendant's motion within ten days of the entry of the judgment for the plaintiff.

On March 20, 1973 an opinion was prepared and filed by this Court dismissing the appeal as improvidently awarded. A petition for rehearing was filed by the plaintiff on April 19, 1973 which was granted on June

22, 1973. The rehearing was set for argument on September 25, 1973, at which time the case was submitted for decision on briefs by agreement of the parties.

Upon the rehearing it is contended by the plaintiff that the motion to set aside the verdict of the jury and judgment entered thereon and to enter judgment in favor of the defendant was not served on the plaintiff; that a copy of the order entered July 30, 1971 setting aside the verdict and judgment in favor of the plaintiff and entering judgment in favor of the defendant was never received by the plaintiff, although it appears that the defendant's attorney mailed a copy of the motion without a certificate of service and order to the attorney for the plaintiff; and that the trial court did not have jurisdiction under Rule 50 (b), R.C.P., to enter the order of July 30, 1971. Counsel for the plaintiff contends he never received a letter dated July 30, 1971 from counsel for the defendant in which it was stated that a copy of the motion to set aside the verdict and enter judgment for the defendant and a copy of the order granting that motion and entering judgment on behalf of the defendant was enclosed. It is admitted by counsel for the plaintiff in his brief submitted at the rehearing that all other notices that the court was going to set aside the verdict and enter judgment for the defendant were received by him. This admission was omitted in the original brief filed by the plaintiff. It was contended by counsel for the plaintiff in his reply brief in the initial hearing that this Court could not consider the opinion of the trial court because it was not filed by a proper and appropriate order. There is no merit to this contention, because the trial court directed that the opinion be made a part of the record on July 9, 1971. It was specifically made a part of the record by the order of July 30, 1971. No mention of this matter is contained in the brief filed for the rehearing and apparently it is now conceded that the opinion, which counsel for the plaintiff admits receiving, advising him that the verdict in favor of the plaintiff would be set aside, is a part of the record.

It is also conceded by the attorney for the plaintiff that his contention contained in the brief filed at the initial hearing that the trial court lacked jurisdiction to set aside the verdict and order a new trial because no motion was filed within ten days as required by Rule 59 (b) is without merit because Rule 59 (d), R.C.P., provides that the trial court, on its own initiative, within ten days of the entry of the judgment, may order a new trial for any reason for which it might have granted a new trial on motion of a party. However, it is clear that the matter was disposed of by the trial court under Rule 50 (b), R.C.P. It is the contention of the plaintiff that Rule 50 (b), R.C.P., requires that notice of a motion to set aside the verdict and judgment and enter judgment for the moving party be served within ten days on the opposing party.

The record in this case clearly shows that the defendant made a motion for a directed verdict at the close of the plaintiff's evidence and at the close of all the evidence. The record also clearly discloses that a judgment was entered sustaining the motion, setting aside the verdict and entering judgment for the defendant within ten days of the entry of the judgment in favor of the plaintiff on July 23, 1971. It is admitted by counsel for the plaintiff in his brief filed for the rehearing that he received several notices that the above action would be taken by the trial court.

It will be noted that Rule 50 (b) does not contain the same language as Rule 59 (b) with regard to serving the motion. Rule 50 (b) provides: "Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within 10 days after the entry of the judgment, a party who has moved for a directed verdict may move to have the verdict and the judgment entered thereon set aside and to have judgment entered in accordance with

his motion for a directed verdict; * * * ." There is no question that the defendant made such motion at the conclusion of all the evidence and the plaintiff, being present at that time, had actual notice that the motion was made.

It was held in the case of *First Safe Deposit National Bank v. Western Union Telegraph Co.*, 337 F.2d 743, that the trial court acted properly when it entered judgment for the defendant within six days after the judgment for the plaintiff was entered, inasmuch as the defendant had moved for a directed verdict during the trial. The court stated in that case that: "Manifestly it could have asked the defendant to file an immediate Rule 50 (b) motion, and have acted upon it. To say that it could not, instead, act on the reserved preverdict motion would be to insist upon form over substance." In the case of *Shaw v. Edward Hines Lumber Co.*, 249 F.2d 434, in connection with this matter, it was stated: " * * * It is clear that a court may expressly reserve decision on a motion for directed verdict. * * * Indeed, various courts have recommended that trial courts reserve their decisions on such motions. * * * This recommendation is made, not only for the purpose of avoiding unnecessary delay, but, in addition, to provide a procedure which gives the trial judge adequate opportunity properly to scrutinize the record and to make informed, considered rulings." See *Wenner v. McEldowney & Company*, 102 N.J. Super. 13, 245 A.2d 208.

It is contended by the attorney for the plaintiff that when the trial court entered the judgment in favor of the defendant that such action eliminated any opportunity for the plaintiff to be heard in connection with the matter. This contention is without merit because Rule 60, R.C.P., provides for a hearing in such cases upon request within a reasonable time.

It can readily be seen from the record and briefs with regard to the action taken during the proceedings of this case in the trial court that there were considerable

misunderstandings and a lack of cooperation between the attorneys involved which resulted in considerable confusion and tended to be misleading to this Court. Upon a review of all matters involved, it is clear and undisputed that the plaintiff had actual notice that the trial court would set aside the judgment in favor of the plaintiff and render judgment for the defendant under the provisions of Rule 50(b), R.C.P. The court has authority, on its own initiative, under Rule 50(b), R.C.P., to set aside the verdict and judgment entered thereon and enter judgment for the defendant where a motion for a directed verdict had been made by the defendant at the conclusion of all the evidence if the court acts timely.

For the reasons stated in this opinion, the judgment of the Circuit Court of Mercer County is affirmed.

*Judgment affirmed.*